```
     IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                CHARLOTTE DIVISION
                 3:07CV105-MU-02
```

HARVEY PATRICK SHORT;    )
     Plaintiff,          )
                         )
     v.                  )           ORDER
ROBERT P. JOHNSTON, Se-  )
  nior Resident Superior )
  Court Judge,           )
     Defendant.          )
_____ )

**THIS MATTER** comes before the Court on the plaintiff's form civil rights Complaint under 42 U.S.C. §1983, filed March 9, 2007. For the reasons stated herein, the plaintiff's Complaint will be <u>dismissed</u> in its entirety.

According to the Complaint, in March 2006, the plaintiff filed a petition for a Writ of Error Coram Nobis in the Superior Court of Mecklenburg County. Such petition challenged, in part, the lawfulness of the sentences which the plaintiff received upon his convictions in September 1998 and October 2000. According to the plaintiff, the sentences which he received in those cases exceeded the maximum terms authorized by law in that they were predicated upon calculations which erroneously included a 1988 conviction which had been reversed and a 1985 conviction which was obtained in violation of his Sixth Amendment right to counsel.

In any case, the plaintiff here complains that defendant Judge Johnston--who presided over only the 2006 petition for a

Writ of Error--discriminated against him on the basis of his race (African-American) and his residency status (plaintiff reportedly lived in Maryland at the time he filed the petition) when Johnston dismissed that petition. The plaintiff further claims that such discrimination continued when Judge Johnston refused his subsequent request for an Order clarifying his criminal history for the Courts of West Virginia. Apparently, the plaintiff currently is a pre-trial detainee, awaiting trial in West Virginia.

In an attempt to support of his allegation of racial discrimination, the plaintiff merely reports that certain otherwise unidentified "White criminal defendants in the same court who are sentenced wrongly are given access and court orders stating that their sentences were wrongly imposed . . . ." However, the plaintiff did not even attempt to provide any support, conclusory or otherwise, for his claim of residency status discrimination.

Ultimately, this federal Complaint, the plaintiff is asking this Court to enter an Order directing "that the Defendant allow[ him]. . . access to the court and an order explaining how the plaintiff was sentenced . . . ." Suffice it to say, however, the plaintiff cannot prevail in this action.

To be certain, although claims for injunctive relief against State court judges are an exception to the long-settled principle of judicial immunity, see Pulliam v. Allen, 466 U.S. 522, 536-43

(1984), that fact is of little consequence here. Rather, "federal injunctive relief is an extreme remedy" which is not lightly or routinely granted. Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995). Obviously, therefore, such remedy must be based upon more than the plaintiff's passing reference to the treatment of similarly situated "White criminal defendants."

That is, in a case like this one, where the plaintiff has set forth a conclusory allegation of discrimination, that claim is far too insubstantial to warrant such an extreme remedy as federal injunctive relief. See Adams v. Rice, 40 53d 72, 74 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995) (noting that plaintiff "must present more than naked allegations" to survive dismissal). To put it simply, to survive a review for factual frivolousness, a plaintiff who is proceeding in forma pauperis cannot rely merely on "conclusory allegations" such as those set forth herein. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996), citing White v. White, 886 F.2d 721-723-24 (4th Cir. 1989). Consequently, inasmuch as the plaintiff has failed to set forth a single fact in support of his allegations that the defendant has subjected him to discrimination, this matter must be dismissed for the plaintiff's failure to state a cognizable claim for relief.

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is **DISMISSED** in its entirety pursuant to 28 U.S.C. 1915b(1)(A).

**SO ORDERED.**

Signed: March 13, 2007

Graham C. Mullen
United States District Judge